IRIZARRY, APPELLANT, *v.* THE REGISTRAR OF SAN GERMÁN, RESPONDENT.

APPEAL from a Decision of the Registrar of Property Denying Admission to Record of a Deed of Partition.

No. 201.—Decided February 16, 1915.

LEGACIES—CAUTIONARY NOTICE—PARTITION OF ESTATE.—When an estate of inheritance has already been settled by a deed of partition and the proper allotments made for payment of the legacies, article 49 of the Mortgage Law is not applicable because a cautionary notice is not necessary to secure payment of the legacies.

PARTITION OF ESTATE—PARTITIONER.—Even when the partition of the estate of a deceased person was made by the interested parties themselves without the participation of the partitioners appointed, their failure to take part in it does not invalidate the partition.

ID.—MINORS—APPROVAL OF PARTITION.—By common agreement the heirs, whether adults or minors, may make the partition of the estate themselves, the approval of the partition by the court being necessary when there are minors who are not represented by their father or by their mother, as the case may be.

ID.—LEGAL PORTION—AGREEMENT BY HEIRS.—The heirs may agree that the amount received by one of them as an advance on account of his legal portion may be charged as a debt due to the surviving spouse instead of being deducted from his share.

ID.—PROPERTY ACQUIRED BY LEGATEE—GOOD CONSIDERATION—VALUABLE CONSIDERATION.—In the present case the registrar refused to record the deed of partition because the value of a house devised to one of the heirs and recorded in her name under title of purchase from the testator was brought into the common assets. *Held:* That the registrar erred in denying said record, because all the interested parties having agreed that the house was conveyed for a good and not for a valuable consideration and the real facts being thus established, the collation was proper in order that the widow might receive her half of the ganancial property intact and the heiress continue in the ownership of the house under her gratuitous title as legatee.

LEASE—JOINT-OWNERSHIP—RECORD OF TITLE.—The fact that, a contract of lease is extinguished by force of law as to the lessee heirs in so far as it affects that part of the common property allotted to them, is no legal reason why the recording of such common property should be denied.

The facts are stated in the opinion.

*Mr. M. Juan Llaneras* for the appellant.

Mr. Rafael B. Sama, the registrar, appeared by brief *pro se*.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

Gavino Irizarry died on May 28, 1914, and a deed of partition of his estate, approved by the District Court of Mayagüez on July 27 in *ex parte* proceedings No. 4683, having been presented in the Registry of Property of San. Germán on August 5, 1914, the registrar refused to admit the same to record for the reasons stated in the following decision:

"The foregoing document is denied admission to record because of the following defects: 1. Property cannot be recorded in favor of the heir until 180 days after the death of the testator unless the requirements prescribed by article 49 of the Mortgage Law have been complied with. 2. Failure to comply with the will of the testator as regards the appointment of partitioners in conformity with section 1024 of the Civil Code. 3. Failure likewise as regards the advance on account of the paternal legal portion made to his daughter María Ana Dolores Irizarry y Cancel in the public instrument executed before Notary Mariano Riera Palmer on January 8, 1913, which sum of $3,100 should be brought into the hereditary estate in accordance with section 1001 of the Civil Code. 4. Because the value of the house on Luna Street which was devised to Felícita Beatriz Irizarry y Cancel, according to clause 4 of the deed of partition, is brought into the estate although it is recorded in her name under title of purchase from the testator, with the consent of his wife, after the execution of the will. 5. Because by reason of the allotments of joint-ownerships made to the heirs Luis Telesforo, Ramón Cornelio and Santos Enrique Irizarry y Cancel, lessees of the properties 'Esperanza' and 'Libertad,' the records of lease of the said properties are cancelled as to the said joint-ownerships by confusion of rights, there resulting a novation of the original contract. 6. Because it is not shown that the order approving the said deed of partition is final."

The said decision is submitted to our consideration by virtue of an administrative appeal taken therefrom by Ramón Cornelio Irizarry, one of the heirs of the deceased Gavino Irizarry, whose attorney disputes the first five grounds of the decision appealed from in his brief and as to the sixth, *i. e.,* that it is not shown that the order approving the deed of partition was final, the appellant admits that the said defect exists and states that he is prepared to correct it, therefore it is not at issue in the appeal.

Let us consider in their order the legal grounds of the decision appealed from, omitting the sixth.

### FIRST GROUND.

The will executed by Gavino Irizarry on May 6, 1911, contains the following bequests in its fourth clause:

"It is his will to bequeath, and he does bequeath, to the poor of the locality the sum of $25 which shall be distributed among such of them and in such amount each as may be determined by his wife Ramona Cancel or on her failure, his son Luis Telesforo.

"It is also his will to bequeath, and he does bequeath, to his grandson Nicolás Gustavo, son of his daughter Petra, the sum of $500 in cash, and he recommends the mother of Nicolás to invest the same safely so that it may be delivered to the legatee when he becomes of age.

"It is also his will to devise, and he does devise, to his daughter Felícita Beatriz the two-story frame house on Luna Street of this city (San Germán) which she at present occupies with her husband Antonio Fabiani."

Regarding compliance with the first two legacies mentioned, the deed of partition contains the following details:

"The legatee Nicolás Gustavo Agrait Irizarry shall receive as such legatee the sum of $500, to be paid in the following manner:

"Cash deposited in the 'Caja Popular de Ahorros y Préstamos' under account current showing a balance of__ $103.00

"Cash from amounts paid by Francisco Vélez and Francisco P. Irizarry_____ 397.00

"Total paid to said legatee_____ $500.00

"The poor of the locality shall receive $25, for which this
amount is paid to Ramona Cancel in cash, being the
balance of the amounts paid by Vélez and Irizarry,
thereby satisfying the said bequest_____ $25.00"

As will be seen, the corresponding allotments have been
made in the said deed of partition for the payment of the
two legacies referred to, therefore article 49 of the Mort-
gage Law is not applicable to the present case. That article
provides that if an heir desires to record the inherited prop-
erty in his favor within the 180 days following the death of
the testator and there is no legal obstacle thereto, he may
do so provided all the legatees previously waive by public
instrument their right to the entry of a cautionary notice,
or that in the absence of an express waiver such legatees
be notified thirty days beforehand of the petition of the heir
in order to permit them to avail themselves of such right
within that period.

The Mortgage Law sought to protect the legatees by in-
suring the payment of the legacies by means of a cautionary
notice of their rights in case such protection should be nec-
essary, as it would be if an heir attempted to record in his
name the hereditary property before the partition of it was
made; but if the partition is made already, as in the present
case, and the proper allotments made for the payment of
the legacies, we see no necessity whatever for applying said
article 49 of the Mortgage Law.

Article 46 of the Mortgage Law, which should be con-
sidered in connection with article 49, provides that a lega-
tee who has no right under the law to institute testamentary
proceedings may at any time request a cautionary notice
respecting the thing devised to him if it be specific real prop-
erty; and, if the legacy is not specific, the legatee may de-
mand a cautionary notice of its value upon any real property
of the estate sufficient to cover it, within 180 days after the
death of the testator. The said article, as its wording shows,
refers to cases in which there may be no settlement of the

estate with the corresponding allotments for the payment of the legacies; if there are any; for, if there is such settlement, the cautionary notice of the legacy would be superfluous. Testamentary proceedings cannot be instituted when the estate has already been settled by a deed of partition in which allotments have been made of the shares of each interested party.

The registrar erred in applying article 49 of the Mortgage Law.

We will consider the matter of the devise of a house by testator Gavino Irizarry to his daughter Felícita Beatriz when we examine the fourth ground of the decision appealed from.

### SECOND GROUND.

Clause 7 of the will of Gavino Irizarry reads as follows:

"Exercising the power granted to the testator by law, he forbids the intervention of the courts in the execution of his will even though minors, absent persons or incapacitated persons may be interested, for he desires that his estate be settled entirely extrajudicially and that the partition of the property thereof be made by Francisco Vélez and Rafael Mercado whom he appoints as partitioners and grants the authority necessary in law."

The partition of the estate of Gavino Irizarry was effected by the interested parties themselves without the intervention of the partitioners appointed, namely, Francisco Vélez and Rafael Mercado, but their failure to take part in it does not invalidate the partition.

Section 1024 of the Civil Code, which is relied on by the registrar in his decision, provides that the testator, by an act *inter vivos* or *causa mortis,* may entrust the mere power of making the division after his death to any person who is not one of the coheirs, and this shall be observed even should there be a minor or a person subject to guardianship among the coheirs; but the trustee in such case must make an inventory of the property of the inheritance, citing the coheirs, the creditors and the legatees.

Section 1025 provides that should the testator not have made any division or entrusted this power to another, if the heirs should be of age and should have the free administration of their property, they may distribute the estate in the manner they may see fit. Section 1027 provides that if the minors are subject to parental authority and are represented in the division by the father or by the mother, in a proper case, neither judicial intervention nor approval shall be required.

Considering the provisions contained in the sections cited, we understand that the heirs, whether or not of age, by mutual consent may make the partition of the estate themselves although partitioners may have been appointed, the approval of the partition by the court being necessary when there are minors who are not represented by their father or by their mother as the case may be.

On this question the distinguished commentators Galindo and Escosura, in volume 2 of their *Legislación Hipotecaria* (4th edition), pages 257 and 258, say:

"If the testator himself made the partition or entrusted the power of doing so to another, it is questionable whether a partition made by all the adult heirs, or by minor heirs after obtaining the approval of the court, would be recordable notwithstanding.

"In the first case, it is our opinion that it should not be recorded.   *   *   *

"With respect to the second case, our idea is different. The testator has not transmitted specific real property. The heirs acquired their hereditary rights upon the death of the testator and by virtue thereof may make the division in the manner convenient to them.

"From a moral standpoint it is evident that the partition having been made by the heirs, who are the only parties interested, nobody can set up a claim against it and there is no reason why it should not have legal force.

"As a matter of law we have already indicated that the intention of the legislators in enacting article 1057 was undoubtedly to endeavor to establish harmony where discord might have existed. In that case the will of the partitioner, representing that of the testator, is binding upon all. It subdues the rebellious, harmonizes the opposed

and, as a symbol of the will of the testator, is supreme authority to which all the heirs owe respect.

"To this it may be added that there is no provision in the code rendering null and void a partition made under an agreement by all of the heirs in a case where the testator entrusted that power to another person, therefore it may be asserted that such partition is not *necessarily* void, and, not being so, the registrar should not deny its admission to record, according to the provisions of article 65 of the Mortgage Law; while, on the contrary, as a deed of partition is a contract containing all the conditions required by section 1261 of the code, its validity must be weighed according to the provisions of section 1265."

Articles 1261 and 1265 of the Spanish Civil Code correspond to sections 1228 and 1232 of the Revised Civil Code.

In the present case, in which there is a minor, Daría Irizarry, represented by her defensor, Juan E. Stefany, the approval of the court was obtained.

The second ground of the decision appealed from cannot be sustained.

### THIRD GROUND.

In the fifth clause of the deed of partition of the estate of Gavino Irizarry the following is stated:

"By deed No. 15 executed in San Germán before Notary Mariano Riera Palmer on January 8, 1913, Gavino Irizarry y Pabón conveyed to his daughter María Ana de los Dolores, called Dolores in the said deed, the sum of $3,100 in cash in the nature of an advance on account of her paternal legal hereditary portion, which amount the interested parties agree to convert into a debt due to the hereditary estate by the said heiress."

As will be seen, all the heirs to the estate of Gavino Irizarry agreed with María Ana de los Dolores that the sum of $3,100 which she had received from her father as an advance on account of her legitime should be regarded as a debt in favor of the common estate.

By virtue of that agreement, instead of the said amount being deducted from the legal portion of María Ana de los Dolores it was included in the inventory as a debt due by

her and went to increase the inventoried assets which were distributed among the widow and children of the testator in the proportion of one-half to the widow and the other half to the children in equal shares, including María Ana de los Dolores who finally received a share equal to that of each of her brothers and sisters although she then owed the $3,100 to her mother, the widow Ramona Cancel.

For the purposes of liquidating the conjugal partnership it matters but little whether the said sum of $3,100 were inventoried as an amount brought into collation or as a debt. Neither the surviving spouse nor the children have suffered any loss in their respective shares. The only result of the agreement is that instead of receiving her legal portion less the $3,100 María Ana de los Dolores received it in full and was left owing that amount to her mother, Ramona Cancel.

The registrar erred in assigning the third ground which we are considering.

### FOURTH GROUND.

In considering the first ground on which the decision appealed from is based we stated that Gavino Irizarry, in the fourth clause of his will, devised to his daughter Felícita Beatriz a two-story frame house situated on Luna Street, San Germán, and added that we would dispose of this legacy in considering the fourth ground of said decision.

The fourth clause of the deed of partition reads as follows:

"After the execution of the will herein transcribed the testator sold to his daughter Felícita Beatriz the two-story frame house situated on Luna Street of this city which he had devised to her, which sale, although it appears to have been for a valuable consideration, was actually, as the legatee herself acknowledges, for a gratuitous consideration, consequently, in accordance with the law, the said legacy should be, and is, considered satisfied, notwithstanding the fact that it is brought into the common assets for the purpose of determining the ganancial property."

In the inventory of said partition the said house was brought into collation, valued at $1,000, for the sole purpose of increasing the total of the inventoried property by that amount, and, as was logical and lawful, no allotment was made of the said house, for section 852 of the Civil Code provides that if the legatee acquired the thing bequeathed for a valuable consideration after the date of the will, he may demand of the heirs an indemnity for what he may have given to acquire it; but if the legatee acquired it for a good consideration, he can claim nothing for it. The interested parties agreed that the house had not been acquired for a valuable consideration, as stated in the deed, but for a good consideration, and by the said agreement Felícita Beatriz lost her right to claim indemnity for what, according to the deed, she had given for the house; and she was the owner of the house, not for a valuable consideration, but under a gratuitous title as legatee, for which reason there was no necessity for any allotment whatever. By bringing the said house into the hereditary estate and establishing the real facts by an agreement of the interested parties, *i. e.,* that the conveyance of the devised house was for a good and not for a valuable consideration, no one's interests were prejudiced. The widow received her half of the ganancial property intact and the amount of the legacy was charged to the hereditary estate of the testator, thus complying strictly with his will.

The devised house, which is recorded in the registry in favor of Felícita Beatriz, remains her property and that record is no bar to the record denied by the registrar, for the latter in nowise affects the former.

Therefore the fourth ground of the decision appealed from is erroneous.

### FIFTH GROUND.

In the general inventory of property forming a part of the deed of partition there are two farms, one called "Espe-

ranza" and the other "Libertad" and described under letters B and C. It is stated that the farms had been leased by Gavino Irizarry in a public deed of October 13, 1911, to his present heirs Ramón Cornelio, Luis Telesforo and Santos Enrique for a period of ten years beginning October 1, 1911, with an option on the part of the lessees to continue the lease another five years.

The said properties are allotted by the deed of partition to the widow and children of Gavino Irizarry, among whom are the lessees Luis Telesforo, Ramón Cornelio and Santos Enrique, all of whom desire to have their respective rights of ownership recorded in their names.

The fact that the contract of lease is extinguished by force of law as to the lessee heirs in so far as it affects that part of the common property allotted to them is no legal reason why the recording of such common property should be denied. The record of joint-ownership will produce the corresponding legal effects and will show of itself in the registry that the contract of lease is extinguished as to the lessee heirs Luis Telesforo, Ramón Cornelio and Santos Enrique as regards the portions of which they are now the owners, but remains in force as to the other joint-owners who are not lessees and who will have the right to receive their proportional parts of the rental.

In the same deed of partition of the property the interested parties explain that by virtue of the contracts of lease, of the death of the lessor and of the result of the settlement of the estate, the widow and heirs of the lessor each acquired legal capacity to receive from the lessees the proportional parts of the rental belonging to each independently of the others.

In the same manner as a person who acquires property mortgaged in his favor may record his title, so a person who acquires a property of which he is the lessee may record his.

By such records the rights of the mortgagee or of the lessee are extinguished, for no one can be mortgagee or lessee of a property of which he has become the owner.

The fifth ground of the decision appealed from is likewise erroneous.

The sixth ground of the decision not being included in the appeal, as we have said, it need not be considered.

For the foregoing reasons the decision of the Registrar of Property of San Germán of September first of last year should be reversed and the registrar ordered to enter the record requested with the curable defect pointed out in the sixth ground of his decision, unless said defect be corrected before the record is made.

*Reversed.*

Justices Wolf, del Toro, Aldrey and Hutchison concurred.